EASTERN DIST.
*March*, 1840.

RONDEAU ET AL.
*vs.*
NEW-ORLEANS
IMPROVEMENT
AND BANKING
COMPANY.

---

## RONDEAU ET AL *vs.* NEW-ORLEANS IMPROVEMENT AND BANKING COMPANY.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When there is not a sufficient number of jurors of the regular panel in attendance, no matter from what cause, the court is authorized to call on bystanders.

It is not a good cause of challenge that a juror has been summoned as a witness by either party. Jurors may be sworn to give evidence to their fellow jurors.

This is an action for a balance due, and damages, to the plaintiffs, as plasterers, for work and labor done on the City Exchange, at the instance and under the employment of the defendants. They claim the sum of four thousand one hundred and twenty-seven dollars as the balance due, and damages, in consequence of being ordered to quit work before they had completed the job, as agreed on with the defendants.

The answer began with a general denial, and averred, that the plaintiffs overcharged for the work done, and failed to execute it in a workmanlike manner, &c. The defendants pray that the demand be rejected; and that they be allowed five thousand dollars as a reconventional demand on the plaintiffs, for losses and damages occasioned by their gross negligence and delay in the performance of the work.

EASTERN DIST.
*March*, 1840.

RONDEAU ET AL.
*vs.*
NEW-ORLEANS
IMPROVEMENT
AND BANKING
COMPANY.

The cause was submitted to a jury, who, on hearing the evidence of the parties, and receiving a charge from the judge, returned a verdict for the plaintiffs in the sum of [three thousand nine hundred and twenty-seven dollars, with legal interest from judicial demand. Judgment was rendered confirming the verdict.

The defendants moved for a new trial, on the ground that the court allowed two jurors to be taken and sworn from the bystanders; and that there was error in the calculations of the jury, as to the amount paid to the plaintiffs.

There was a bill of exceptions, taken by the defendants, to the decision of the court, in allowing two jurors to be taken from the bystanders; and, also, in permitting two jurors to be sworn, who had been summoned as witnesses by the plaintiffs.

The motion for a new trial was overruled, and the defendants appealed.

*Canon*, for the plaintiffs.

*Pichot*, for the defendants.

*Bullard, J.*, delivered the opinion of the court.

This is an action for work and labor done by the plaintiffs, as plasterers upon the City Exchange. There was a verdict and judgment in their favor, and the defendants appealed, after a motion for a new trial had been overruled.

We have not been favored with any arguments on either side, either written or oral, and consequently confine our attention to such questions of law as the record presents.

It appears by a bill of exceptions, that the counsel for the defendant objected to the summoning of bystanders to com-

21 VOL. XV.

EASTERN DIST.
*March*, 1840.

plete the jury, on the ground, that the only reason why there was not a sufficient number of jurors, of the regular panel, was, that a full jury had just retired to consult of their verdict in another case; and a further objection was made, that two jurors, already sworn, were summoned, as witnesses by the plaintiffs.

The court, we think, did not err. Whether the want of jurors was in consequence of absence from court, or because they were sworn in another case, was immaterial. The court correctly directed the jury to be completed, by calling bystanders. With respect to the two jurors already sworn, we think it is not a good cause of challenge, that a juror has been summoned as a witness by either party. It is every day's practice to swear jurors to give evidence to their fellow jurors.

Upon the merits, no good reason has been shown why the verdict should be set aside.

The judgment of the District Court is, therefore, affirmed with costs.